United States District Court
Southern District of Texas
ENTERED

JAN 2 7 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| JESSE JAY TREVINO, | § | |
| Petitioner, | § | |
| | § | Civil Action No. B-08-484 |
| v. | § | Criminal Action No. B-07-751 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Jesse Jay Trevino's (the "Defendant")[1] Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 14, 2008 (Cv. DE 1), as well as his Motion to Proceed *In Forma Pauperis* (Cv. DE 2).[2] Also before the Court is the

---

[1] For purposes of this Order, the Court refers to Jesse Jay Trevino as the Defendant, and the United States of America as the Plaintiff, notwithstanding the caption's incorrect reference to these parties as Petitioner and Respondent. The reason is that there is no actual *petition* when a prisoner seeks relief under Section 2255, because the proper method of seeking relief under Section 2255 is to file a *motion* to vacate, correct, or set aside a sentence. In contrast, habeas corpus petitions made pursuant to 28 U.S.C. § 2241(governing, *inter alia*, federal review of immigration orders) and § 2254 (governing federal review of state convictions), do take the form of a petition, and are deemed separate civil actions. For added clarification, the Court observes the Advisory Committee Notes to Rule 1 of Rules Governing Section 2255 Proceedings. Specifically, the notes explain in pertinent part that:

> [w]hereas section 2241-2254 speak of the district court judge 'issuing the writ' as the operative remedy, section 2255 provides that, if the judge finds the movant's assertions to be meritorious, he 'shall discharge the prisoner or resentence him or grant a new trial or correct hte sentence as may appear appropriate." This is possible because a motion under § 2255 **is a further step in the movant's criminal case and not a separate civil action**, as appears from the legislative history of section 2 of S. 20, 80th Congress, the provisions of which were incorporated by the same Congress in title 28 U.S.C. as § 2255.

Advisory Committee Notes to Rule 1 of the Rules Governing Section 2255 Proceedings (emphasis added). Therefore, since a 2255 motion is a continuation of the criminal case, the United States of America remains the plaintiff, and the prisoner challenging his conviction in that criminal case remains the defendant. In this case, had it been properly styled, the United States of America would have been named as the "Plaintiff," and Mr. Trevino named as the "Defendant." *See, e.g., See United States v. Alexander*, 2008 WL 4858213, at *1 (S.D. Tex. Nov. 7, 2008) (Head, C.J.) (stating that "a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case" and denoting prisoner as the "Defendant/Movant").

[2] For purposes of this Order, "(Cv. DE __ )" refers to the docket entry in this Civil Action No. B-08-484, styled *Jesse Jay Trevino v. United States of America*, and "(Cr. DE __ )" refers to the docket entry in Petitioner's underlying criminal case, Criminal Action No. B-07-751, styled *United States of America v. Jesse Jay Trevino*, also in the Brownsville Division of the United States District Court for the Southern District of Texas.

United States' (the "Government") Motion to Dismiss and for Specific Enforcement of the Plea Agreement (DE 13). Having considered the parties' submissions, the Court hereby GRANTS the Government's Motion, and DISMISSES both of Defendant's Motions.

## I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On November 20, 2007, Defendant pled guilty to a one-count indictment charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. The plea was made pursuant to a written plea agreement in which he voluntarily waived his right to appeal his sentence and to contest his conviction or sentence by means of any post-conviction proceeding, including but not limited to 28 U.S.C. § 2255 (Cr. DE 54 ¶ 10). He was subsequently sentenced to 60 months imprisonment to be followed by a three-year supervised release term, which judgment was entered on July 15, 2008 (DE 73). Defendant did not appeal this judgment, but instead filed a Motion for Reconsideration of Judgment (Cr. DE 78), challenging the Court's ruling that it would defer to the state judge the question of whether to run Defendant's state jail time concurrent with his federal sentence. The Court denied that motion on October 10, 2008 (DE 79). Defendant then filed a Motion for Appointment of Counsel, which the Court denied on October 17, 2008, recommending again that Defendant seek relief from the state judge to which this Court had deferred (DE 84).

On November 14, 2008, Defendant filed the § 2255 Motion *sub judice*, again challenging the Court's denial of concurrent service of sentences, and adding an ineffective assistance of counsel claim based on his attorney's failure to assist him in obtaining recommendations for concurrent service on his federal sentence (Cv. DE 1). The Government's Motion to Dismiss asserts Defendant waived the right to assert these claims in a written and signed plea agreement (Cv. DE 13).

## II. DISCUSSION

### A. *In Forma Pauperis*

As a preliminary matter, a defendant need not be granted *in forma pauperis* status in order to proceed with a § 2255 motion because no filing fee is required to bring a § 2255 motion in a district court. *See Bonugli v. United States*, 2007 WL 2330295, at *1 (S.D. Tex. Aug. 13, 2007); *see also* Advisory Committee Notes to Rule 3 of Rules Governing Section 2255 Proceedings in the United States District Courts ("[t]here is no filing fee required of a movant under these rules [as] . . . a § 2255 motion [is] a continuation of the criminal case whose judgment is under attack"); *cf. Wood v. O.C. Jenkins*, 914 F.2d 260 (7th Cir. 1990) (noting that 2255 motions are a hybrid, part civil and part criminal, and as such a district court can apply either the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure, "whichever it deems most appropriate"). Accordingly, Defendant's Motion to Proceed *In Forma Pauperis* is hereby DISMISSED AS MOOT.

### B. Section 2255 Motion

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief. . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

Waivers of the right to file a post-conviction motion under 28 U.S.C. § 2255, like appellate waivers, are valid if the waiver is informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). It is up to the district court to insure a defendant fully understands his right to appeal and the consequences of waiving that right. *See id.* The portion of Defendant's plea agreement relating to his waiver of appellate rights reads as follows:

> 10. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §§ 2255** [sic]. If the defendant files a notice of appeal following the imposition of sentence the government will seek specific performance of this provision.

(Cr. DE 54 ¶ 54) (emphasis in original). The first page of the plea agreement contains Defendant's signature directly beneath a sentence which reads in part: "I am pleading guilty and [] the proposed plea agreement accurately and full describes my plea agreement with the government" (Cr. DE 54). The last page of the plea agreement contains a paragraph "Certification by the Defendant" which reads:

> I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further I have consulted with my attorney and fully understand my rights with respect to the provisions fo the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. /s/ Jesse Trevino 11-19-07.

(Cr. DE 54). The Court finds the language in the plea agreement and Defendant's certification of same establish that Defendant fully understood his right to an appeal and to seek post-conviction relief and knowingly and voluntarily waived those rights. *See Wilkes*, 20 F.3d at 653. Accordingly, the Government is entitled to specific performance of the agreement with Defendant.

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*: a habeas petitioner (or § 2255 movant) claiming ineffective assistance must show (1)

that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Id.* at 687. Since a reviewing court may address these prongs in either order, *id.* at 697, to the extent that doing so facilitates efficient disposal of Defendant's claims, the Court will focus primarily on whether Defendant, based on the record and allegations as they currently stand, is precluded from demonstrating prejudice.

Defendant asserts in his 2255 Motion that he was "denied effective assistance of counsel on his sixty month federal sentence because applicant's counsel refused to assist him in obtaining recommendation's [sic] for Concurrent Service on his federal sentence, before and after sentencing" (Cv. DE 1 at 6). The Court reviewed the transcript of Defendant's sentencing hearing, held on March 19, 2008, and found that Defendant's counsel *did* request the court to consider both sentences run concurrently, but the Court denied the request in light of the fact that Defendant's state charges were then still pending. Accordingly, the Court finds Defendant's counsel did not prejudice Defendant in the manner claimed by Defendant in his 2255 Motion. *See Strickland*, 466 U.S. at 686.

### III. CONCLUSION

In light of the foregoing, Defendant's Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 is DISMISSED. The Government's Motion to DISMISS same is GRANTED. Further, this Court finds no reason to grant a certificate of appealability and hereby DENIES the same.

SIGNED this 27th day of January, 2009.

Andrew S. Hanen
United States District Judge